## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**JOSE CARDOZA,**

      **Plaintiff**

**vs.**                                  **No. CV 09-1003 MV/WPL**

**UNITED OF OMAHA LIFE
INSURANCE COMPANY,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for an Award of Attorney's Fees and Expenses **[Doc. No. 45]** filed on October 28, 2011, and fully briefed on December 5, 2011.  Plaintiff moves the Court to award his attorney's fees in the amount of $40,750.00, plus the applicable 7% gross receipts tax in the amount of $2,852.50, and costs and expenses in the amount of $751.25.  Defendant opposes the motion on the grounds that an award of fees is not warranted and the amount requested is unreasonable.  Having reviewed the motion, the memoranda in support and in opposition, and the applicable law, the Court finds that the motion is well taken and will be granted in part.

### I.  Discussion

Under ERISA, a court "in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. §1132(g)(1).  *Gordon v. United States Steel Corp.* set forth the following five factors to be considered where a party seeks attorney's fees in an ERISA case:

(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorney's fees; (3) whether an

> award of attorney's fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

724 F.2d 106, 109 (10th Cir.1983).  These nonexclusive factors "are merely guidelines, and while courts need not consider each factor, no single factor should be held dispositive."  *McGee v. Equicor-Equitable HCA Corp.*, 953 F.2d 1192, 1209 (10th Cir. 1992).  Moreover, a fee claimant need not be a prevailing party to be eligible for attorney fees under ERISA.  *Hardt v. Reliance Standard Life Insurance Co.*, 550 U.S. – , 130 S.Ct. 2149, 2152, –  L.Ed.2d – (2010).  A court may award fees and costs under §1132(g)(1) as long as the fee claimant has achieved "some degree of success on the merits."  *Id.* (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694, 103 S.Ct. 3274 (1983)).

In this case, Plaintiff achieved more than "some degree of success on the merits." Additionally, a review of the facts of the case support a finding that Defendant acted in bad faith. *See* Memorandum Opinion and Order at 21.  Although Defendant granted Plaintiff STD benefits and calculated the STD Weekly Earnings by using Plaintiff's hourly pay, tonnage rate, and out-of-town per-ton rate, it chose to calculate Plaintiff's LTD benefits based only on his hourly wages.   Even after Plaintiff's employer made clear Plaintiff was "paid by the Ton not hours," Defendant calculated Plaintiff's LTD benefits based on his hourly wages rather than Plaintiff's actual earnings.  Plaintiff's hourly wages were less than 4% of his income.  Defendant then attempted to recalculate Plaintiff's STD benefits using only his hourly wages and sought reimbursement from Plaintiff.   Defendant also claimed the employer did not report Plaintiff's "tonnage" earnings.  However, the evidence did not support its claim.  *See* Memorandum Opinion and Order at 19.

2

Defendant does not dispute its ability to satisfy an award of fees.  Def.'s Resp. at 4 (Doc. No. 53, p. 4).  Nonetheless, Defendant contends "it is highly implausible that the award of fees to Mr. Cardoza in this case would have any impact on [its] review of other claims."  *Id.*  In support of its position, Defendant asserts "[t]here is no evidence that [it] has faced, or will face in the future, the same unique question Mr. Cardoza's claim presented."  *Id.*  The issue is not whether Defendant will face the same "unique question" but whether Defendant will be more reasonable in reviewing future claims, i.e., deter Defendant from future ERISA violations.  In this case, it was unreasonable for Defendant to continue to defend its position that the employer meant to insure his employee's hourly wages rather than "tonnage" pay when it was clear the employee was not an hourly-wage employee.  Defendant also was less than candid when it claimed the employer had not reported Plaintiff's "tonnage" earnings when an internal United of Omaha document indicated otherwise.  An award of attorney fees may give Defendant pause before it conducts its reviews in the future in this manner.

Factors four and five also weigh in favor of awarding attorney's fees.  Defendant claims "[t]he [Court's] ruling will not benefit other plan participants who will have their own unique sets of facts . . . ."  Def.'s Resp.  at 5 (Doc. No. 53 at 5).  Nonetheless, the Court's ruling will affect how Defendant handles future claims which will benefit other plan participants.  As to the fifth factor, the relative merits of Plaintiffs' position versus Defendant's position favor a fee award; in particular, Defendant's position regarding how it calculated Plaintiff's LTD benefits is indefensible.

Having found that the *Gordon* factors weigh in favor of awarding attorney's fees and costs, the Court will address the reasonableness of the amount requested.  In determining the amount of a reasonable fee the Court considers "the number of hours reasonably expended on

3

the litigation multiplied by the reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar calculation is the product of the number of attorney hours "reasonably expended" and a "reasonable hourly rate." *Id.*

The first step in calculating the lodestar is to determine the number of hours reasonably spent by counsel for the party seeking fees. *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir.1983), *overruled in part on other grounds by Pennsylvania v. Del. Valley Citizens' Council For Clean Air*, 483 U.S. 711, 725, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987). When seeking an award of attorney fees, counsel has the burden of proving hours by submitting meticulous, contemporaneous time records indicating all hours for which compensation is requested and how those hours were allotted to specific tasks. *Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). Counsel also must exercise "billing judgment" which consists of winnowing the hours actually expended down to the hours reasonably expended. *Id.*

The court must examine the specific tasks to determine whether they are properly chargeable. "Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable." *Id.* The court determines what is a reasonable time in which to perform a given task by considering that what is reasonable in a particular case can depend upon facts such as the complexity of the case and the responses necessitated by the maneuvering of the other side. *Id.* The court may reduce the hours requested if they are "unnecessary, irrelevant and duplicative." *Id.* (quoting *Carter v. Sedgwick County, Kan.*, 36 F.3d 952, 956 (10th Cir. 1994)).

4

In this case, Plaintiff's counsel submitted adequate time records from which the Court can determine whether the hours requested are reasonable.  Nonetheless, Defendant challenges all hours expended by Plaintiff's counsel at the pre-litigation administrative proceedings. Defendant contends that Plaintiff's attorney fees incurred before this lawsuit was filed are not compensable under ERISA.  In support of its contention, Defendant cites to three Colorado district court opinions.  However, the Court is not bound by these opinions.  Defendant failed to cite to any Tenth Circuit Court of Appeals decisions supporting its position, and the Court found none.

Other circuit courts of appeals have considered the question of whether ERISA provides for an award of attorney's fees and costs incurred in pre-litigation administrative proceedings and have determined that, as a matter of law, ERISA does not provide for such an award.  *See Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 313 (3d Cir. 2008) ("[T]he fees incurred during administrative proceedings prior to filing suit are unavailable under 29 U.S.C. § 1132(g)(1)."); *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1011 (8th Cir. 2004) ("[T]he term 'any action' in 29 U.S.C. § 1132(g)(1) does not extend to pre-litigation administrative proceedings."); *Rego v. Westvaco Corp.*, 319 F.3d 140, 150 (4th Cir. 2003) ("[H]ere we agree with our sister circuits that have held ERISA attorney's fees to be categorically unavailable for expenses incurred while exhausting administrative remedies."); *Peterson v. Cont'l Cas. Co.*, 282 F.3d 112, 121 (2d Cir. 2002) ( "ERISA authorizes the award only for fees incurred in relation to a suit filed in a court of competent jurisdiction. Therefore, [the Plaintiff] may not collect fees incurred during the initial administrative process."); *Anderson v. Procter & Gamble Co.*, 220 F.3d 449, 455 (6th Cir.2000) ( "[Section] 1132(g)(1) should not be interpreted to permit fee awards for legal expenses incurred in the course of

exhausting administrative remedies."); *Cann v. Carpenters' Pension Trust Fund*, 989 F.2d 313, 316 (9th Cir.1993)("We construe [§ 1132(g)(1)] as limiting the award to fees incurred in the litigation in court."); and *Kahane v. UNUM Life Ins. Co. of American*, 563 F.3d 1210, 1215 (11th Cir. 2009)(holding that §1132(g)(1) does not authorize awards for work done in pre-litigation administrative proceedings).

In holding that §1132(g)(1) does not authorize awards for work done in pre-litigation administrative proceedings, the Fourth Circuit reasoned that it was "Congress's "'desire not to create a system that is so complex that administrative costs, or litigation expenses, unduly discourage employers from offering welfare benefits plans in the first place.'" *Rego*, 319 F.3d at 150 (quoting *Variety Corp. V. Howe*, 516 U.S. 489, 497, 116 S.Ct. 1065 (1996)). The Court agrees with this rationale and finds that Plaintiff's counsel is not entitled to attorney's fee for the hours expended in pre-litigation administrative proceedings. Nonetheless, work undertaken prior to filing the case, such as the drafting of the complaint, are compensable under ERISA. *See, e.g., Peterson*, 282 F.3d at 121 n. 5 (holding that prevailing ERISA plaintiff was "entitled to collect a reasonable amount for fees and costs incurred in initiating suit in the District Court.")*; Hahnemann Univ. Hosp.*, 514 F.3d at 314 n. 10 (same). Accordingly, the Court will disallow 7.7 hours expended in the administrative process. All other hours are recoverable, including time spent on the motion seeking discovery.

Plaintiff's counsel submitted an affidavit attesting to his years of experience and training. Plaintiff's counsel has practiced law for 34 years and has significant experience handling ERISA matters. Plaintiff's counsel requests $250 an hour. This hourly rate is reasonable for an attorney with Plaintiff's counsel's experience and reputation. Accordingly, the Court will grant

Plaintiff's request for attorney fees in the amount of $38,825.00, plus the applicable 7% gross receipts tax in the amount of $2,717.75.

Defendant objected to Plaintiff's request for costs on the basis that "no bill of costs was filed."  Def.'s Resp. at 12 (Doc. No. 53, p. 12).   In his reply, Plaintiff corrected this oversight and attached a Bill of Costs.  Accordingly, the Court will grant costs in the amount of $751.25.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Award of Attorney's Fees and Expenses **[Doc. No. 45]** is **GRANTED** in part**.**  Plaintiff is awarded attorney's fees in the amount of $38,825.00, plus the applicable 7% gross receipts tax in the amount of $2,717.75, and costs and expenses in the amount of $751.25.

**Dated** this 27th day of January, 2012.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**


**Attorney for Plaintiff:**
David Duhigg


**Attorneys for Defendant:**
M. Clea Gutterson
Kallie D. Kuehl